**REGAL MOTOR PRODUCTS, Inc., Plaintiff-Appellant, v. BENDER, d. b. a. U. S. AUTO PARTS, Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 5347.   Decided March 13, 1956.

Maugan & Vacca, Columbus, for plaintiff-appellant.
Thomas W. Applegate, Columbus, for defendants-appellees

(FESS, J, of the Sixth District, sitting by designation in the Second District.)

## OPINION

By MILLER, PJ.

This is a law appeal from the judgment of the Municipal Court of Columbus, Ohio, rendered in favor of the plaintiff for the sum of $154.21 plus interest from January 16, 1953. The plaintiff is appealing because of the inadequacy of the amount of the judgment. The record reveals that the action was instituted by Regal Motor Products, Inc., seeking to recover upon an account the sum of $796.70 plus interest for goods sold and delivered to the defendant, Al Bender. To this petition the defendant has filed the following answer:

"Defendant for answer to the petition of plaintiff admits that he is an individual operating under the trade name and style of U. S. Auto Parts, and that he received the merchandise covered by the invoices attached to the petition of plaintiff and that the agreed price for the same was $773.50, and that none of said sum has been paid.

"Defendant further says that merchandise covered by said invoices was misrepresented to the defendant as being readily saleable merchandise and that the demand for the same would create a market for this product. Defendant further says that plaintiff and its agents well knew that said merchandise was not in demand and that defendant would not be able to sell the merchandise in the quantity shipped to him."

The plaintiff's reply to the answer denies that the merchandise was misrepresented to the defendant. The record reveals that on July 15, 1952, the defendant signed an order for the merchandise which is the subject of this action; that the same was received by the defendant on or about August 12, 1952; that it consisted of 175 units of accessory mouldings for used automobiles which were to be used to make them appear as more recent models; that upon receipt of the goods it was placed in stock and salesmen were given descriptive circulars on the same and an effort was made to sell the various units to the defendant's retail customers, the plaintiff acting as a jobber.

The record reveals further that the defendant sold 38 of these units, for which the court rendered judgment and held that the balance of the units were held by Bender subject to the orders of the plaintiff.

During the course of the trial the Court admitted into evidence over the objection of counsel for the plaintiff, testimony of the defendant to the effect that the units were not as represented; that some of them were too long to fit the model car they were intended for; that they were chrome plated and not aluminum plated as represented; also, that they were not readily saleable for the reason that it took too much time and labor to install them. Now, did the Court commit prejudicial error in admitting this testimony? We are of the opinion that it did as to the alleged defects in the merchandise. The issues were raised by the plead-

ings and the testimony should have been limited to them. The defendant was attmpting to establish a breach of warranty which was not pleaded The evidence clearly reveals that the conduct of the defendant was such as to constitute an acceptance under §1315.48 **R. C.,** which provides:

"When goods are delivered to the buyer, which he has not previously examined, he is not deemed to have accepted them until he has had a reasonable opportunity of examining them for the purpose of ascertaining whether they are in conformity with the contract

"Unless otherwise agreed, when the seller tenders delivery of goods to the buyer, he is bound, on request, to afford the buyer a reasonable opportunity of examining the goods for the purpose of ascertaining whether they are in conformity with the contract.

"When goods are delivered to a carrier by the seller, in accordance with an order from or agreement with the buyer, upon the terms that the goods shall not be delivered by the carrier to the buyer until he has paid the price, whether such terms are indicated by marking the goods 'collect on delivery,' or otherwise, the buyer is not entitled to examine the goods before payment of the price in the absence of agreement permitting such examination."

By selling 38 units the defendant committed acts inconsistent with the ownership of the seller. The only representation set forth in the answer is that the merchandise was not "readily saleable" and that no demand was created for the same as the plaintiff represented there would be. These alleged representations do not describe the merchandise but are what is commonly known as "puffing." It is merely sales talk and an expression of the opinion of the seller. But even if these were actual misrepresentations sufficient to constitute a breach, the defendant has not pursued the remedies available to him under §1315.70 **R. C.** Since the defendant had accepted the goods and did not rescind the contract and offered to return the same he had available to him the following remedies under this section, to wit:

"When there is a breach of warranty by a seller, the buyer may, at his election:

"(A) Accept or keep the goods and set up against the seller, the breach of warranty by way of recoupment in diminution or extinction of the price;

"(B) Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty."

"The defendant testified that he complained to one of the plaintiff's salesmen approximately thirty days after the goods were received, that the units were not selling as represented and offered to settle for one-half and return the other one-half. This cannot be considered as a rescission of the contract under §1315.70 **R. C.** It is more in the nature of an attempt to enter into a new contract and which, if established, has not been pleaded. We find that the defendant offered no competent evidence which under the pleadings constitutes a defense to the action, hence the court erred in overruling the plaintiff's motion for a judgment non obstante veredicto.

The judgment is ordered reversed, the motion is sustained and

judgment is rendered for the plaintiff for the sum of $796.70 and interest per petition.

HORNBECK and FESS, JJ, concur.